**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. ID. No. 82002234DI |
| BRUCE J. CARR, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 18, 2019
Decided: January 13, 2020

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Summarily Dismissed

**ADOPTED**

**ORDER**

This 13th day of January 2020, the Court has considered Defendant's

Objection to the Commissioner's Report and Recommendation, Commissioner's

Report and Recommendation, Defendant's Motions for Postconviction Relief, and

the relevant proceedings below.

In 1982, a Superior Court jury convicted Defendant Bruce J. Carr on counts

of kidnapping, rape and attempted rape. Defendant was sentenced to six

1

consecutive life terms plus forty years. On November 9, 1983, on direct appeal, the Delaware Supreme Court affirmed Defendant's conviction and sentence.[1]

On August 8, 2019, Defendant filed a *pro se* Motion for Postconviction Relief. Defendant's motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on November 4, 2019, recommending that Defendant's Motion for Postconviction Relief be summarily dismissed. On November 18, 2019, Defendant filed an Objection to the Commissioner's Report.

### *Postconviction Relief*

Defendant makes only one argument regarding his Motion for Postconviction Relief: ineffective assistance of counsel. It is noted that, regardless of procedural bars, Defendant's claim is without merit.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficiencies in counsel's representation caused the defendant actual prejudice.[2] Mere allegations of ineffectiveness will not suffice. A

---

[1] *Carr v. State*, Del. Supr. No. 322, 1982, Horsey, J. (November 9, 1983) (Order).
[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278, 1278 (Del. 2000).

2

defendant must make and substantiate concrete allegations of actual prejudice.[3] Great weight and deference are given to tactical decisions by the trial attorney.[4]

Defendant argues that defense counsel was ineffective for failing to inform Defendant of a plea deal allegedly offered by the State. Defendant cites *Sewell v. State*, wherein this Court ruled that "defense counsel has the duty to communicate plea offers to a client."[5] Defendant is correct that defense counsel has a duty to communicate plea offers to a client.[6] Nevertheless, Defendant fails to satisfy the burden imposed on defendants seeking postconviction relief where defense counsel has failed to communicate a plea offer to a client:

> Where defense counsel has failed to comply with his duties to a client regarding plea negotiations, a defendant must show that *but for the ineffective advice of counsel* there is a reasonable probability that the plea offer would have been presented to the court (i.e., *that the defendant would have accepted the plea* and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.[7]

In Defendant's letter dated April 20, 1982, Defendant wrote that "[Defense counsel]…wanted me to take a plea of guilt, and I denied."[8] If defense counsel had received a plea offer, Defendant, by his own admission, refused it. It is clear from

---

[3] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[4] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).
[5] 2018 WL 3409661, at *3 (Del. Super.).
[6] *Id.* (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012)).
[7] *Id.* (citing *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)) (emphasis added).
[8] Superior Ct. D.I. 87, Letter from Defendant to Hon. Robert C. O'Hara (Apr. 20, 1982).

3

Defendant's April 20, 1982 letter that Defendant was not interested and would have refused to accept the State's offer. Defendant even used this alleged communication of a plea deal as part of the basis for his request for new counsel.[9] Thus, even if the Court assumes Defendant's allegations are true, Defendant lacks an explanation as to how Defendant was prejudiced.

Defendant also fails to substantiate his allegations. Defendant merely notes the lack of a record of Defendant's refusal to take the plea in "the Court Docket or official file or in the files of the Attorney General Offices."[10] The record before the Court does appear to show that Defendant never received a plea offer. It also shows no apparent discrepancy between Defendant's *current* contention that defense counsel never informed Defendant of a plea offer, and defense counsel's own statement.

In response to Defendant's April 20, 1982 letter, defense counsel explicitly denied ever communicating a plea offer to Defendant. In a letter dated April 30, 1982, defense counsel noted that "regarding [Defendant]'s claim that I said he was guilty of committing criminal acts, that is patently untrue. In addition, I did not advise him to take any plea, which he claims he refused, in that *there had been no*

---

[9] *Id.*

[10] Defendant's Opp. to Comm'r Rep. at 4 (Nov. 14, 2019).

4

*plea-offer extended.*"[11]  In this case, it appears that Defendant cannot locate *any record* in *any office or file* where one would be kept because no plea offer ever existed. It is further noted that the State has no legal obligation to offer a plea to less than the charged offense.[12]

The record fails to support Defendant under any light. Either defense counsel communicated a plea offer, which Defendant admittedly rejected, or the State never made a plea offer. Regarding the merits of Defendant's Motion for Postconviction Relief, Defendant has failed to substantiate allegations that defense counsel concealed or failed to communicate to Defendant a plea deal. Defendant also omits an explanation as to any prejudice that alleged failure would have caused. Thus, Defendant's Motion for Postconviction Relief has no merit.

*Procedural Bars*

Aside from addressing the substantive merits of any claim for postconviction relief, the Court must determine whether the defendant has met the procedural

---

[11] Letter from Defense Counsel to Hon. Robert C. O'Hara, at 2 (Apr. 30, 1982) (emphasis added).

[12] *State v. Grossberg*, 1998 WL 473030, at *1 (Del.); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial." (quoting *Brady v. United States*, 397 U.S. 742, 752 (1970))).

requirements of Superior Court Criminal Rule 61.[13] If a procedural bar exists, then the claim is barred.[14]

Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[15] (2) any basis for relief must be asserted in the first timely-filed motion for postconviction relief absent exceptional circumstances; (3) any basis for relief must have been asserted at trial or on direct appeal; and (4) any basis for relief must not have been formally adjudicated in any proceeding.

Defendant's Motion for Postconviction Relief is time-barred. Rule 61(i)(1) requires Defendant to file his Motion for Postconviction Relief within one year of a final order of conviction.[16] Defendant was sentenced in 1982, and the Supreme Court confirmed his conviction and sentencing on November 9, 1983.[17] On August 8, 2019, Defendant filed this Motion for Postconviction Relief. The nearly 36 years between Defendant's final order of conviction and his motion exceeds the Rule 61 one-year limit.

---

[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[14] *Id.*
[15] Super. Ct. Crim. R. 61(i)(1).
[16] Super. Ct. Crim. R. 61(i)(1).
[17] *Carr v. State*, Del. Supr. No. 322, 1982, Horsey, J. (November 9, 1983) (Order).

Rule 61(i)(2) further prevents this Court from considering Defendant's claims raised that were not raised in Defendant's *first* timely-filed Motion for Postconviction Relief. This is Defendant's *eleventh* Rule 61 motion.[18]

In his motion, Defendant cites Rule 61(i)(5), which provides that the bars to relief are inapplicable, and Defendant may overcome procedural hurdles, where Defendant establishes that: (1) the court lacked jurisdiction; (2) new evidence exists that creates a strong inference that Defendant is actually innocent of the underlying charges for which Defendant was convicted; or (3) a new rule of constitutional law made retroactive to Defendant's case would render his convictions invalid.[19]

Defendant fails to demonstrate that his otherwise procedurally barred motion should survive based on any exception. Defendant asserts that his constitutional rights have been violated, but fails to raise a *new* constitutional law or one *applicable* to this case. Defendant does not argue that the court lacked jurisdiction. Defendant does not raise any new or recently-discovered evidence, or any evidence

---

[18] *See State v. Carr*, 2017 WL 4286201, at *1 (Del. Super.) (noting that Defendant's Rule 61 Motion for Postconviction Relief filed on September 11, 2017 was his tenth Rule 61 motion).
[19] Super. Ct. Crim. R. 61(i)(2) & (5).

that creates a strong inference that Defendant is innocent.  On the contrary, Defendant admitted his guilt in a previous Rule 35 Motion. [20]

Having been provided with a full and fair opportunity to present any issue in his first timely-filed motion, Defendant's claims are procedurally barred.  Further, Defendant has not established any prejudice to his rights and/or cause for relief.  Therefore, Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED**.

---

[20] Superior Ct. D.I. 88, Pet'n for Modification of Sentence, at 3 (May 22, 1991) (*Reasons Why Carr's Sentence Should be Modified*, "Petitioner has admitted his involvement in the offenses and expressed remorse.").

## CONCLUSION

The Court holds that the Commissioner's Report and Recommendation dated November 4, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[21]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety.** Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[21] Super. Ct. Crim. R. 62(a)(4)(iv).